IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **GEORGE K. REDDING,** : | |
| Plaintiff, : | |
| VS. : | NO. 5:25-cv-290-MTT-CHW |
| **Warden GEORGE IVEY, et al.,** : | |
| : | **PROCEEDINGS UNDER 42 U.S.C. § 1983 BEFORE THE U.S. MAGISTRATE JUDGE** |
| : | **ORDER** |
| Defendants. : | |

Plaintiff George K. Redding, a prisoner in Hancock State Prison in Sparta, Georgia, apparently mailed or had someone deliver a 42 U.S.C. § 1983 complaint to the Superior Court of Bibb County. ECF No. 1; ECF No. 1-2. Plaintiff's complaint is on the standard 42 U.S.C. § 1983 form that is used in the United States District Court, Middle District of Georgia. ECF No. 1. The Clerk of Court for the Superior Court of Bibb County forwarded the complaint to this Court along with a letter stating that the complaint was "[d]elivered to Superior Court Clerk office by mistake." ECF No. 1-2. Plaintiff's complaint has been docketed in this Court. ECF No. 1. Plaintiff, however, has not paid the $405.00 filing fee or moved the Court to proceed without prepayment of the filing fee.

Before the Court can process Plaintiff's complaint, he must either pay the filing fee in full or move to proceed *in forma pauperis*. If Plaintiff wishes to proceed without prepayment of the filing fee, he must complete the enclosed *in forma pauperis* paperwork. He must submit (1) an

1

affidavit in support of his claim of indigence and (2) "a certified copy of [his] trust fund account statement (or institutional equivalent) . . . for the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(1)-(2). Plaintiff should keep in mind that he will owe the full filing fee even if the Court grants his motion to proceed *in forma pauperis*. Even if Plaintiff's action is summarily dismissed, he will owe the full filing fee, and money will be deducted from Plaintiff's prisoner trust fund account in accordance with the Prison Litigation Reform Act.

Plaintiff must also file a recast complaint. It appears that Plaintiff's main complaint is his placement on "High-Max status" when he was first incarcerated in 2011. ECF No. 1 at 5. Plaintiff should be aware that the Court cannot control how he is classified or in what prison he is incarcerated. Plaintiff does not have a constitutional right, enforceable through the Due Process Clause, to serve his sentence on any particular level of security classification. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976).

Additionally, the statute of limitations for a 42 U.S.C. § 1983 claim is two years. *Lovett v. Ray*, 327 F.3d 1181, 1182 (11th Cir. 2003). The statute of limitations begins to run when the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights. *Rozar v. Mullis*, 85 F.3d 556, 561-62 (11th Cir. 1996). It appears that Plaintiff's claim regarding classification upon entry into prison in 2011 may be barred by the statute of limitations.

Plaintiff seems to assert additional claims, but for many he alleges only conclusory allegations and provides no facts to support the allegations. For example, for many Defendants, Plaintiff simply states that they have been "deliberately indifferent to [his] situation and disregarded the conditions that [he] was subjected to." ECF No. 1-1 at 2. "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal

conclusions." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *Bell Atlantic Corp.* v. *Twombly*, 550 U.S. 545, 555 (2007) (citation omitted) (stating that a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"); *Jackson v. Bell South Telecomms.*, 372 F.3d 1250, 1263 (11th Cir. 2004) (stating that "plaintiffs must do more than merely state legal conclusions; they are required to allege some specific factual bases for those conclusions or face dismissal"). If Plaintiff pleads no facts to support his conclusory allegations, the claims will be dismissed.

Plaintiff may not join unrelated claims against numerous Defendants. Plaintiff may join Defendants in one action if he asserts "any right to relief . . . against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(1)(A)-(B). "Whether multiple claims arise from the same transaction, occurrence, or series of transactions or occurrences depends on whether a 'logical relationship' exists between the claims." *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Alexander v. Fulton Cnty., Ga.*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003)). For there to be a "logical relationship," the claims must "arise from common operative facts." *Barber v. America's Wholesale Lender*, 289 F.R.D. 364, 367 (M.D. Fla. 2013) (citations omitted). If Plaintiff seeks to raise numerous, unrelated claims against various Defendants in his amended complaint, the complaint will be dismissed.

The Court will give Plaintiff one opportunity to file an amended complaint. The complaint should be **NO LONGER THAN TEN (10) PAGES**. Plaintiff must complete the enclosed 42 U.S.C. § 1983 form in full. It will take the place of and supersede Plaintiff's original

complaint. Plaintiff must list the name or names of any Defendant in the heading of the complaint. In the body of the complaint, Plaintiff must again list the Defendants and tell the Court exactly **WHAT** each Defendant did or did not do that violated Plaintiff's constitutional rights and **WHEN** the action or omission occurred. When recasting his complaint, Plaintiff should keep in mind the above-described deficiencies in his original complaint.

In conclusion, it is **ORDERED** that Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to pay the $405.00 filing fee or move to proceed *in forma pauperis* and file a recast complaint. If Plaintiff fails to do so, or fails to follow the instructions in this Order, his action will be dismissed. Plaintiff should keep the Court informed of any address change and if he fails to do so, his action may be dismissed.

It is **DIRECTED** that the Clerk of Court forward to Plaintiff a standard §1983 form and *in forma pauperis* forms with the civil action number on them along with a copy of this Order.

So **ORDERED and DIRECTED**, this 6th day of August, 2025.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge